# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

## No. 13-4392

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

GERALD WAYNE O'NEAL, a/k/a Big Daddy O'Neal,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:12-cr-00300-FL-1)

Submitted:  May 19, 2014              Decided:  June 4, 2014

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Wayne O'Neal appeals the 210-month sentence imposed by the district court following his guilty plea to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (2012), and possession with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012). O'Neal's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning "whether the ownership of the firearms found in Mr. O'Neal's garage would have made any difference in his sentence." (Appellant's Br. At 10). Specifically, O'Neal argues that he should not have been convicted of being a felon in possession because the weapons did not belong to him and, therefore, he did not possess them. In the alternative, he contends that his sentence should have been lower because he did not own the firearms. O'Neal was notified of his right to file a supplemental pro se brief but has not done so. Following careful review of the record, we affirm.

O'Neal argues that he should not have been convicted of being a felon in possession of firearms because the firearms did not belong to him and they were outside of his house, thus preventing his access to them. Under § 922(g)(1), it is unlawful for any person convicted of a crime punishable by a

term exceeding one year to possess a firearm. "[P]roof of actual or exclusive possession [is not necessary]; constructive or joint possession is sufficient." United States v. Lawing, 703 F.3d 229, 240 (4th Cir. 2012), cert. denied, 133 S. Ct. 1851 (2013). "Constructive possession is established when the government produces evidence that shows ownership, dominion, or control over the contraband itself or the premises . . . in which the contraband is concealed." Id. (internal quotation marks omitted). Because the weapons were found in or near a garage on O'Neal's property, we reject O'Neal's claim.

O'Neal also asserts that his sentence is unreasonable because the firearms that were found on his property actually belonged to his cousin, and therefore his sentence should have been lower. This argument is meritless. In sentencing O'Neal, the district court followed all necessary procedural steps, properly calculating the Guidelines range, considering the 18 U.S.C. § 3553(a) (2012) factors and the parties' arguments, and providing an individualized assessment based on the facts presented. Gall v. United States, 552 U.S. 38, 51 (2007). O'Neal's below-Guidelines sentence is presumed substantively reasonable on appeal, and he has not met his burden to rebut this presumption. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012); United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). Thus, we conclude the district court did not

3

abuse its discretion in sentencing O'Neal.  See Gall, 552 U.S. at 51.

In accordance with Anders, we have reviewed the record and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform O'Neal, in writing, of the right to petition the Supreme Court of the United States for further review.  If O'Neal requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on O'Neal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED